## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------X
GREAT LAKES REINSURANCE (UK) PLC          C.A. NO.:
                         Plaintiff,
            vs.


JDCA, LLC
                         Defendant.
-----------------------------------------------------------X   DECEMBER 28, 2010
```

## COMPLAINT
## THE PARTIES

1.      The Plaintiff Great Lakes Reinsurance (UK) PLC is a corporation existing under the laws of the United Kingdom having its principal place of business at 30 Fenchurch Street, London, England and at all times material was authorized to issue policies of insurance within the State of Connecticut.

2.      The Defendant, JDCA, LLC is a limited liability company existing under the laws of the State of Connecticut, with a principal place of business at 765 Housatonic Ave., Bridgeport, Connecticut, which at all relevant times owned the property located at 193 Main Street, Monroe, Connecticut (hereinafter referred to as "the property").

## JURISDICTION

3.      This action is being brought pursuant to 28 U.S.C. Section 2201 as a request for declaratory relief.

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332 based upon the diversity of citizenship of the parties and an amount in controversy in excess of $75,000.

5.      Venue is proper in this district pursuant to 28 U.S.C. Section 1391 as the insurance was issued in this district and the Defendants are subject to jurisdiction in this district.

## FACTUAL ALLEGATIONS

6.      Some time prior to August 11, 2010 John J. Scianna, a member of JDCA, LLC contacted CPM Insurance Services to procure a policy of insurance covering the property.

7.      On August 11, 2010, Mr. Scianna, on behalf of JDCA, LLC signed an application for insurance covering the property.

8.      In the application for insurance, Mr. Scianna represented that the building was 100% protected by a sprinkler system.

9.      After the application was signed, CPM Insurance Services, acting as a broker for JDCA, LLC represented to Gerald Prast of Continental Agency of Connecticut that the property was protected by a sprinkler system.

10.     The Plaintiff would not agree to insure the property if it was not protected by a sprinkler system.

11.     On August 16, 2010 the Plaintiff issued a binding sheet agreeing to insure the property.

12.     The binding sheet expressly noted that the coverage was issued based upon the representations of the insured.

13.     The coverage offered by the Plaintiff was subject to a Protective Safeguards endorsement which stated that any damage caused by a fire would be excluded if the property was not 100% protected by an Automatic Sprinkler System.

14.     On October 26, 2010, a notice of cancellation of the policy of insurance covering the property was issued due to the non-payment of the premium.

15.     The notice of cancellation stated that the policy would be cancelled as of 12:01 a.m. on November 2, 2010.

16.     On November 3, 2010, a fire occurred at the property and the Defendant made claim for benefits under the policy.

17.     The property did not have an automatic sprinkler system.

18.     Had the Plaintiff known that the property was not protected by a sprinkler system, it would not have accepted the application submitted by the Defendant or issued coverage.

19.     If a policy was issued by the Plaintiff, damage from the fire of November 3, 2010 would not have been covered because it would have been excluded by the Protective Safeguards endorsement.

20.     If a policy was issued by the Plaintiff, that policy was cancelled effective at 12:01 a.m. on November 2, 2010, prior to the fire damage that occurred on November 3, 2010.

21.     On December 17, 2010, the Plaintiff's counsel sent a letter explaining that any policy issued to the Defendant was rescinded based upon the misrepresentations in the application process regarding the sprinkler system.

22.     The letter of December 17, 2010 also stated that if a policy had been issued, any claim advanced for the fire of November 3, 2010 would have been denied based upon the exclusion contained in the Protective Safeguards endorsement.

23.     The letter of December 17, 2010 also stated that if a policy had been issued, that policy was effectively cancelled on November 2, 2010, prior to any loss.

## LEGAL CLAIMS

24.     The policy issued by the Plaintiff covering the property was properly rescinded by the Defendant in light of the misrepresentation of material facts during the insurance application process.

25.     That in light of the rescission of the policy, the Plaintiff owes no insurance benefits to the Defendants as a result of the fire.

26.     Alternatively, had a policy been issued, the policy was effectively cancelled on November 2, 2010 prior to the fire of November 3, 2010.

27.     Alternatively, had a policy been issued that had not been effectively cancelled on November 2, 2010, that policy would have included a Protective Safeguards endorsement which excluded any damage from the fire.

WHEREFORE, the Plaintiff Great Lakes Reinsurance (UK) PLC requests an order from the Court declaring that no coverage is owed to the Defendant JDCA, LLC.

THE PLAINTIFF,

By: _____
        Mark D. O'Hara, Esq.
        Law Offices of Stuart G. Blackburn
        Two Concorde Way
        P.O. Box 608
        Windsor Locks, CT 06096
        Tel. 860-292-1116
        Fax 860-292-1221
        Fed. Bd. #ct27200